UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Terrell Whittington, ) | C/A No. 2:13-3513-TLW-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Dillon County Detention Center; Daniel ) | |
| Rhodas,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Brandon Terrell Whittington ("Plaintiff"), proceeding *pro se*, files action pursuant to 42 U.S.C. § 1983. Plaintiff is a local prisoner at the Dillon County Detention Center ("Detention Center"), and filed this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state

---

*Plaintiff has informed the Court that he initially mis-spelled Defendant Rhodas's last name. The Court has made this correction on its docket.

a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

Plaintiff is a pretrial detainee. He claims that he was attacked by another inmate, Defendant Daniel Rhodas, who bit Plaintiff on the face. Plaintiff alleges that it took officers over an hour to come back to the cells, and it was not to tend to him, but to get another inmate for court. Plaintiff contends that this incident only happened because he is celled

2

with federal prisoners and, as a pretrial detainee, he is not supposed to be locked up with prisoners.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff cannot pursue this action against the Detention Center. The Detention Center is a group of buildings or a facility. Inanimate objects—such as buildings, facilities, and grounds—do not act under color of state law. Hence, the Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. Calif. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, the Detention Center is entitled to summary dismissal as a party defendant.

Plaintiff is also barred from proceeding against Defendant Rhodas in this case. Plaintiff describes Rhodas as a fellow inmate, and makes no allegation that Rhodas was acting "under the color of state law" when he injured Plaintiff. *See Simonton v. Tennis*, 437 Fed. App'x 60, 62 (3d Cir. 2011) (fellow inmate was not a state actor pursuant to § 1983); *cf. American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). To the extent that Plaintiff's claim against Rhodas may be construed as one brought pursuant to state law, the undersigned recommends that supplemental jurisdiction over it be declined. *See* 28 U.S.C. § 1367(c)(3) (permitting a federal court to decline to exercise supplemental

jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction).

## Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice.

IT IS SO RECOMMENDED.

                                          s/Bruce Howe Hendricks
                                          United States Magistrate Judge

January 27, 2014
Charleston, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).